IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-HC-2112-D

| | | |
|---|---|---|
| JAMES ROBERT KOZOMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GRADY J. HAYNES, | ) | |
| | ) | |
| Respondent. | ) | |

James Robert Kozoman ("petitioner"), a state prisoner, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Grady J. Haynes ("respondent") filed a motion for summary judgment. Petitioner responded. As explained below, respondent's motion is granted.

I.

On December 9, 2003, a jury in Granville County Superior Court found petitioner guilty of second-degree murder. Pet. Ex. A. The Superior Court sentenced petitioner to 219-272 months imprisonment. Id. Petitioner, through counsel, appealed his conviction. On June 7, 2005, the North Carolina Court of Appeals issued a unanimous unpublished opinion finding no error. See State v. Kozoman, No. COA04-753, slip op. (N.C. Ct. App. June 7, 2005) (unpublished); Pet. Ex. E.

On October 24, 2005, petitioner filed a pro se petition for a writ of certiorari in the North Carolina Supreme Court. Pet. Ex. F. The Supreme Court denied review on December 1, 2005. Id. Ex. G. On or about January 31, 2006, petitioner filed a pro se motion for appropriate relief ("MAR") in the Granville County Superior Court, which was denied on February 25, 2006. Id. Exs. H & I. Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals on April 25, 2006. Id. Ex. J. The Court of Appeals denied certiorari on May 16, 2006, and dismissed his

motion for reconsideration on May 23, 2006. Id. Exs. L & N. On May 31, 2006, petitioner filed a pro se petition for writ of habeas corpus in the North Carolina Supreme Court, which was denied on June 6, 2006. Id. Exs. O & P.

On June 29, 2006, petitioner filed this federal habeas petition. Petitioner alleges (1) the trial court erred in its jury instructions, (2) the trial court erred in failing to grant his motion to dismiss the charge for insufficient evidence, (3) he received ineffective assistance of trial and appellate counsel, and (4) the trial court erred in allowing irrelevant and prejudicial evidence while excluding relevant evidence. On September 11, 2006, respondent filed a motion for summary judgment. Petitioner filed a response.

II.

The North Carolina Court of Appeals summarized the facts as follows:

At trial the State's evidence tended to show that on 22 September 2002, defendant shot and killed his neighbor McGhee. Earlier that day defendant and McGhee, who had known each other for several years and were friends, had been working on a truck together and drinking beer and wine. Defendant and an elderly friend of McGhee's, Robert Gregory ("Gregory"), who was with both of them, stated they were joking and getting along with each other.

After several hours, McGhee went into his house and emerged with a shotgun, appearing very angry. McGhee pointed the shotgun at defendant and began yelling at defendant that he would kill him, his mother, his girlfriend, and his children. Defendant stated he did not know what caused McGhee to act that way and was scared. Gregory got between the two men and tried to calm McGhee down. Defendant backed away and proceeded across the road to the house where he lived with his mother and girlfriend.

Defendant had been in an altercation with his girlfriend earlier on the day of the incident and was not supposed to return home that night. Defendant beat on the front door to try to get someone to let him in the house. When his girlfriend refused to open the door, defendant went around to the unlocked back door and entered. Defendant tried to call the police, but his girlfriend would not let him because she was afraid their children would be taken away. The commotion awakened defendant's mother and he instructed her to call the police - which she did. Defendant then left his mother's house with his rifle.

2

Defendant stated he went back towards McGhee's residence because he was afraid McGhee would try to sneak up to his mother's house to carry out his threats and he wanted to make sure McGhee remained at his residence. Defendant remained in the bushes and shadows watching McGhee and Gregory. McGhee appeared angry and said something to the effect of "I'm was going to get my shit and do this." Defendant stated that he believed that McGhee was referring to carrying out his earlier threats. McGhee then went inside his residence and returned with the shotgun again. Defendant testified McGhee took two or three steps out the door, pointed the shotgun in his direction and fired. McGhee then turned to the side and opened the shotgun as if he were going to reload. Defendant then fired two shots at McGhee, who collapsed after the second shot.

Defendant fled the scene and attempted to drive to his brother's residence, but was stopped and arrested for driving under the influence and speeding en route. Upon his arrest, the officer took the .22 caliber rifle that was used in the shooting from defendant's vehicle for safe-keeping, unaware of defendant's involvement in the previous altercation with McGhee.

After being remanded to the county jail following a magistrate's hearing, defendant said to the arresting officer "I think I killed my neighbor tonight with that rifle." Defendant was read his Miranda rights and made a brief statement, but was not questioned immediately regarding the shooting due to his intoxicated state. The next day defendant was interviewed and he stated he shot McGhee in defense of himself and his family. Defendant also drew a map depicting his recollection of the positioning of McGhee and himself at the time of the shooting.

Kozoman, No. COA04-753, slip op. at 2-4; Pet. Ex. E.

III.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R.

3

Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 587.

The standard of review for a state inmate's habeas petition, where the claims have been adjudicated on the merits in state court, is set forth in 28 U.S.C. § 2254(d). Section 2254(d) states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless (1) the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or (2) the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1) & (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id.

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

IV.

A.

Petitioner's first ground for relief alleges that the trial court's jury instructions relieved the State of its burden of proof, thus violating "Amendments V, VI, and XIV, due process and equal protection." Specifically, petitioner alleges

> (1) state relied on inference of malice to relieve their burden of disproving self-defense; (2) trial court failed to . . . instruct [on] doctrine of defense of others; (3) trial court failed to give no-duty-of-retreat instruction; (4) trial court failed to instruct on doctrine of crime prevention; (5) trial court erroneously defined term "aggressor"; (6) trial court instructed identically for self-defense pertaining to first and second-degree murders, which was erroneous for second-degree murder and invited compromise verdict upon arising of reasonable doubt.

Pet. 6.

Petitioner raised sub-issue (1) in his MAR (Id. Ex. H at 7-8) and by incorporation in his certiorari petition to the North Carolina Court of Appeals (Id. Ex. J at 2). However, the Superior Court concluded that petitioner was in a position to assert all issues raised in the MAR on his initial direct appeal, except those issues concerning the performance of his counsel, but failed to do so or abandoned those claims. Id. Ex. I at 1. Accordingly, the Superior Court denied the MAR. Id. North Carolina's procedural bar statute provides that any claim shall be denied when defendant was in an adequate position to have raised it on appeal or in a prior MAR but did not do so, absent cause and prejudice or fundamental miscarriage of justice, i.e., actual innocence. N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3), & (b); see Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (concluding that North Carolina's post-conviction procedural bar statute of section 15A-1419 is now mandatory);

5

Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998) (holding that section 15A-1419(a)(3) is an independent and adequate state procedural bar, precluding federal habeas review). Thus, petitioner has procedurally defaulted sub-issue (1) for the purpose of federal habeas review. See Nickerson v. Lee, 971 F.2d 1125, 1127 (4th Cir. 1992) ("A federal court may not address the merits of a habeas petition when the state court's denial of a petition for collateral relief rested on [an] independent and adequate state law ground of procedural default."), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

Similarly, sub-issues (2) through (6) are procedurally defaulted because petitioner did not raise them in state court as federal constitutional issues. A petitioner in state custody seeking federal habeas relief must exhaust all remedies available in state courts. See 28 U.S.C. § 2254(b)(1)(A). "[T]he exhaustion requirement is satisfied so long as a claim has been 'fairly presented' to the state courts." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). A claim is "fairly presented" if the petitioner presents to the state court the "substance of his federal habeas corpus claim," including "both the operative facts and the controlling legal principles." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotations omitted). Petitioner raised sub-issues (2) through (6) in his MAR only under state law. Pet. Ex. H at 9-22. Therefore, he did not fairly present them to the state court for the purpose of federal habeas review. See Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

B.

Petitioner next argues that the trial court erred in failing to grant his motion to dismiss for

insufficient evidence. In particular, he alleges that the evidence established that he acted in self-defense, in defense of others, and to prevent a crime. Pet. 7-8. When reviewing a claim of insufficiency of the evidence, the court considers "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); Roach v. Angelone, 176 F.3d 210, 218 (4th Cir. 1999).

Here, as found by the North Carolina Court of Appeals (Kozoman, No. COA04-753, slip op. at 5-9), sufficient evidence existed to support a finding beyond a reasonable doubt that petitioner had not acted in self-defense, in defense of others, or to prevent a crime. After reviewing the evidence in the light most favorable to the prosecution, the court finds that the state-court decision was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d)(1). Moreover, the state-court decision was not based upon an unreasonable determination of the facts, in light of the evidence presented at trial. See id. § 2254(d)(2). Accordingly, respondent is entitled to summary judgment on petitioner's insufficiency-of-the-evidence claim.

C.

Petitioner's third ground for relief alleges that he received constitutionally ineffective assistance of trial and appellate counsel. Specially, petitioner alleges:

> (1) Trial counsel (a) failed to request proper instructions, (b) failed to enter evidence, (c) failed to object to improper evidence (argued as plain error on direct appeal), (d) failed to make adversarial challenge to state's use of prior convictions while presenting prejudicial evidence at sentencing; (2) Appellate counsel (a) failed to argue errors presented to him, (b) failed to preserve errors properly, and (c) failed to appeal case to N.C. Supreme Court without notifying defendant.

Pet. 9.

To establish ineffective assistance of trial counsel, petitioner must show that his counsel acted unreasonably and that, but for counsel's unreasonable performance, there is a reasonable probability that the outcome at trial would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Where a petitioner fails to make a showing that counsel performed unreasonably, the court need not address whether counsel's performance prejudiced the defense. See id. at 697. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. In evaluating whether counsel acted reasonably, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. A court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation omitted).

1.

Petitioner fails to establish that his trial counsel acted unreasonably or prejudiced his defense. Petitioner's argument concerning jury instructions is procedurally defaulted because petitioner did not raise it in state court. See 28 U.S.C. § 2254(b)(1)(A); Baker, 220 F.3d at 288. As for his claim regarding failure to offer evidence, petitioner fails to support this conclusory allegation. See Nickerson, 971 F.2d at 1136. To the extent petitioner argues that trial counsel failed to offer the victim's criminal record into evidence, trial counsel did not act unreasonably because the victim's criminal record was not admissible. See State v. Corn, 307 N.C. 79, 85, 296 S.E.2d 261, 265-66 (1982). Moreover, trial counsel introduced evidence that the victim had a reputation for violence through the testimony of four witnesses. Vol. II, Tr. 257-274. Additionally, trial counsel did not

act unreasonably in not introducing petitioner's first statement to law enforcement that he did not remember what occurred the night of the shooting. This statement contradicted his detailed testimony at trial. Vol. II, Tr. 276-323.

Petitioner fails to support his conclusory allegation that trial counsel was ineffective in failing to object to improper evidence. See Nickerson, 971 F.2d at 1136. To the extent petitioner argues that trial counsel should have objected to the testimony of petitioner's mother concerning petitioner's fight with his girlfriend and statements to the police, petitioner cannot show prejudice from these alleged errors. Also, it was not ineffective assistance for appellate counsel to raise this issue on appeal by arguing plain error in admission of the evidence rather than arguing ineffective assistance of trial counsel for trial counsel's failure to object to the admission of the evidence. The issue was fairly presented to the North Carolina Court of Appeals. See, e.g., Ramdass v. Angelone, 187 F.3d 396, 409 (4th Cir. 1999).

Finally, petitioner fails to show unreasonableness or prejudice in trial counsel's failure to object to the use of prior convictions in calculating his sentence. Petitioner argues that he was denied his right to an attorney during the prior convictions and that the State did not adequately prove the prior convictions at sentencing. Pet. Ex. H at 25-26. Petitioner fails to support this conclusory allegation. See Nickerson, 971 F.2d at 1136. From the record, it appears that the State complied with N.C. Gen. Stat. § 15A-1340.14(f) in proving the prior convictions by introducing records maintained by the Division of Criminal Information. See Vol. II, Tr. at 383-84.

In denying petitioner's MAR, the Superior Court found that petitioner had "the assistance of able, competent and effective counsel at trial." Pet. Ex. I at 1. This finding was neither contrary to clearly established federal law nor based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1)-(2).

2.

Petitioner fails to show that his appellate counsel acted unreasonably or prejudiced his appellate rights. Petitioner has not identified which issues appellate counsel failed to raise that had a reasonable probability of succeeding. After reviewing the record, the court finds nothing to overcome the "presumption [accorded to appellate counsel] that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Counsel is not obligated to assert all nonfrivolous issues on appeal because "'[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" Brown v. Polk, 135 Fed. Appx. 618, 628 (4th Cir. June 23, 2005) (unpublished) (quoting Jones v. Barnes, 463 U.S. 745, 752 (1983)).

Additionally, appellate counsel's failure to file a petition for a writ of certiorari in the North Carolina Supreme Court does not violate the Sixth Amendment. This failure to file a petition for discretionary review does not constitute ineffective assistance of counsel. See Coleman v. Thompson, 501 U.S. 722, 752-53 (1991); Wainright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam).

D.

Finally, petitioner argues that the trial court allowed irrelevant and prejudicial evidence, while excluding relevant evidence. Specifically, petitioner alleges:

> (1) Trial court allowed (trial attorney didn't object) details of earlier argument with girlfriend; (2) court refused to allow reputation evidence of victim; (3) Trial attorney failed to enter victim's prior record as evidence to show him the aggressor and for reputation; (4) Trial attorney failed to enter defendant's first statement to law enforcement to prove truthfulness; (5) Trial attorney failed to object to the illegal use of prior convictions at sentencing.

Pet. 11.

Petitioner's sub-issue (1) is procedurally defaulted for failure to contemporaneously object to the admission of the evidence in question at trial. See Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977) (providing that contemporaneous objection rule barred federal habeas review); see also N.C. R. App. P. 10(b)(1) (stating that to preserve error for appellate review, error must be challenged at trial). Moreover, as stated, trial counsel was not deficient in failing to object to evidence concerning petitioner's fight with his girlfriend. Sub-issue (2) also is procedurally defaulted because, although petitioner raised a similar state-law claim on direct appeal in his brief to the North Carolina Court of Appeals (Pet. Ex. B at 21), he did not raise it as a federal constitutional claim. See 28 U.S.C. § 2254(b)(1)(A); Baker, 220 F.3d at 288. Finally, sub-issues (3) through (5) merely repeat petitioner's ineffective assistance of trial counsel claims. Accordingly, respondent is entitled to summary judgment on those claims.

V.

As explained above, respondent's motion for summary judgment is GRANTED, and the action is DISMISSED. The Clerk is DIRECTED to close this case.

SO ORDERED. This the __1__ day of August 2007.

JAMES C. DEVER III
United States District Judge